# EXHIBIT A

| | | |
|---|---|---|
| JANICE HOLLABAUGH | * | IN THE |
| 130 Hearne Road | | |
| Annapolis, Maryland 21401 | * | |
| | | |
| On her Own Behalf and on Behalf | * | CIRCUIT COURT |
| of All Others Similarly Situated | | |
| | * | |
| Plaintiff, | | |
| | * | FOR |
| v. | | |
| | * | |
| MRO CORPORATION | | |
| Suite 100 | * | BALTIMORE COUNTY, MD. |
| 1000 Madison Ave | | |
| Norristown, Pennsylvania 19403 | * | |
| **Serve on**: | | |
| Cogency Global Inc. | * | C-03-CV-22-003166 |
| 1519 York Road | | |
| Lutherville Md 21093 | * | Case No. _____ |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## Class Action Complaint and Demand for Jury Trial

Plaintiff Janice Hollabaugh ("Ms. Hollabaugh"), on her own behalf and on behalf of a class of similarly situated persons, by and through their attorneys Richard S. Gordon of GORDON, WOLF & CARNEY, CHTD. and Charles A. Gilman and Lauren M. Geisser of GILMAN & BEDIGIAN, LLC, sue Defendant MRO Corporation ("MRO") and alleges as follows:

## **Introduction**

1.    This Class Action Complaint and Demand for Jury Trial (the "Complaint") challenges the predatory and illegal billing practices of MRO, in violation of MRO's statutory and common law obligations, when billing their patients for Medical Records under Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-301, *et seq.* ("Maryland's Confidentiality of Medical Records Act" or "Md. CMRA").

2.      MRO is a specialized Medical Records provider that contracts with health care providers throughout the United States, including Maryland, to maintain, retrieve and prepare individuals' personal health records, on the health care providers' behalf.  Nationally, MRO fulfills millions of requests for health information annually.

3.      In Maryland, all costs associated with the retrieval and preparation of such Medical Records, whether by a health care provider or through a health care provider's agent, such as MRO, are governed by Maryland's Confidentiality of Medical Records Act.  The Md. CMRA limits both the types of charges that may be imposed by health care providers and their agents, as well as the amounts of those charges when imposed.

4.      The Md. CMRA, for example, limits the per-page charge by a health care provider or its agent for the copying of Medical Records (currently set by the Maryland General Assembly at "76 cents for each page of the medical record").  Md. Code, Health-Gen. § 4-304(c)(3)(i).  When the health care provider uses or maintains the requested medical records in an electronic format, and further produces the medical records in an electronic format, this per-page charge is further limited to "75% of the per-page fee" (thus reducing the .76¢ to .57¢ per-page) and is capped at a specific dollar amount (currently $80) when a health care provider that uses or maintains the requested Medical Records in an electronic format produces the Medical Records in an electronic format.  Md. Code, Health-Gen. § 4-304(c)(3)(iii)(2).

5.      In addition to these per-page fees, the Md. CMRA also limits any other fees that a health care provider or its agent may charge and only permits a "preparation fee" not to exceed a capped amount (currently $22.88) for Medical Records or electronic format Medical Records "retrieval and preparation."  Md. Code, Health-Gen. § 4-304(c)(3)(ii)(1) and (iii)(1).

6.      Nothing in the Md. CMRA permits a health care provider to charge a fee for merely searching for a person's Medical Records.  That is, the MD. CMRA does not permit a

health care provider to charge a fee when the health care provider does not find or retrieve any Medical Records.

7.      Despite the express limitations imposed by Maryland's General Assembly, MRO routinely and consistently charges a "Search and Retrieval Fee," "Search/Retrieval Fee" and/or "Cancellation Fee" of up to $22.88 to individuals when MRO searches for an individual's Medical Records but ultimately determines that the health care provider has no such records to retrieve or prepare.

8.      In so doing, MRO makes various written representations about the request for Medical Records, include the false and misleading statement that the fee of up to $22.88 is imposed because the request for Medical Records was "cancelled" and that MRO had already "retrieved" the Medical Records.  These statements are inaccurate, but nonetheless made by MRO to give the $22.88 charge an air of legitimacy.

9.      MRO, as a large and sophisticated health care provider, which has operated in the state of Maryland for nearly fifteen (15) years, at all times knew or should have known that its "Search and Retrieval Fees," "Search/Retrieval Fees" or "Cancellation Fees" that it charged to and collected from the Named Plaintiff and members of the Class, throughout the timeframe of this Complaint, were unlawful, excessive and impermissible.

10.     Complaints regarding MRO's billing practices, either from patients or the attorneys who represent them, have not slowed down MRO's illegal activities.  MRO will not stop its unfair, abusive and deceptive billing practices until it is compelled to stop them by a court of law.

11.     MRO massively profits from victimizing the individuals who have been improperly charged a "Search and Retrieval Fee," "Search/Retrieval Fee" and/or "Cancellation

Fee" when no Medical Records are located, enjoying its financial windfall and ill-gotten gains at the expense of vulnerable individuals.

12.     Accordingly, the Named Plaintiff brings this Complaint on behalf of all persons who, during the timeframe of this Complaint sought copies of Medical Records from a Maryland health care provider, or had the records requested by some other Person pursuant to their authorization, and were charged a fee by MRO after it was determined that no such records existed, in violation of Maryland's Confidentiality of Medical Records Act.

## **Parties**

13.     Named Plaintiff Janice Hollabaugh is a resident of Anne Arundel County, Maryland. On or about February 6, 2020, Ms. Hollabaugh's attorneys and personal representatives requested Ms. Hollabaugh's Medical Records, by facsimile transmission, from 5001/Glen Burnie/Home Health ("Home Health") in Maryland to be used in connection with Ms. Hollabaugh's claims for personal injuries.

14.     On or about March 25, 2020 MRO, an agent of Home Health sent Ms. Hollabaugh's attorneys a "CANCELLATION INVOICE," by facsimile transmission, advising that Ms. Hollabaugh's "request for Medical Records has been cancelled." Regardless, MRO indicated that Ms. Hollabaugh must pay MRO a "Search/Retrieval" fee of $22.88.  The $22.88 fee was paid by or on behalf of Ms. Hollabaugh.

15.     A copy of Ms. Hollabaugh's MRO "CANCELLATION INVOICE" is attached hereto as **Exhibit A**.

16.     Defendant MRO, a Pennsylvania corporation, does business throughout the state of Maryland, including Baltimore County, as a foreign corporation. MRO began conducting business in Maryland in 2008.

4

17.     Currently, MRO is not in good standing because it failed to file the Annual Report required by the Maryland Department of Assessments and Taxation ("SDAT").  In addition, according to SDAT's website, MRO has twice forfeited its right to do business in the State of Maryland (in 2016 and 2017).

18.     MRO is a specialized Medical Records provider that contracts with health care providers in all 50 states to retrieve and produce individuals' protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and relevant state privacy laws.

19.     MRO provides Medical Records retrieval services for many hospitals in the United States and thousands of physician practices, handling millions of Medical Records requests annually.

20.     During the timeframe of this Complaint, Defendant MRO contracted with certain health care providers in Maryland – including but not limited to Home Health – to retrieve and prepare Medical Records pursuant to patients' requests.

21.     For purposes of Maryland's Confidentiality of Medical Records Act, MRO, at all times, was an agent of these, and many other, health care providers in Maryland.

## Jurisdiction And Venue

22.     This Court has subject matter jurisdiction over this case pursuant to Md. Code, Cts. & Jud. Proc. § 1-501.

23.     This Court has personal jurisdiction over MRO under the long-arm statute of the state of Maryland, Md. Code, Cts. & Jud. Proc. § 6-103, and the United States Constitution, because MRO conducts substantial business within the state of Maryland.  Therefore, a substantial part of the events and/or omissions giving rise to the claims and Plaintiffs tortious injuries occurred within the state of Maryland.

24.     Venue is proper in this Court pursuant to Md. Code, Cts. & Jud. Proc. § 6-201 because MRO carries on a regular business and habitually engages in vocation in Baltimore County, Maryland.

### Facts Applicable to All Counts

25.     This is an action against MRO resulting from its predatory and unreasonable billing practices, which are not only unlawful under Maryland's Confidentiality of Medical Records Act, but also unfair, abusive and deceptive.

26.     All physicians, chiropractors, hospitals, dentists , home health providers and other duly licensed practitioners in the state of Maryland (collectively "health care providers") are required by Maryland statute to furnish a copy of all Medical Records to the patient or the patient's representative upon request. *See* Md. Code, Health-Gen. § 4-304(a).

27.     Under the Md. CMRA, "Health care provider" is broadly defined and includes any "person who is licensed, certified, or otherwise authorized under the Health Occupations Article or § 13-516 of the Education Article to provide health care in the ordinary course of business or practice of a profession or in an approved education or training program," as well as any facility – inpatient or outpatient – where health care is provided.  Md. Code, Health-Gen. § 4-301(h)(1).

28.     Health care provider also "includes the agents, employees, officers, and directors of a facility and the agents and employees of a health care provider."  Md. Code, Health-Gen. § 4-301(h)(2).

29.     Defendant MRO is a Medical Records copying service which has contracts with a number of health care providers in the state of Maryland to maintain, copy and distribute, upon request, the Medical Records of patients and/or former patients of such health care providers.

30.     MRO is required to comply with all provisions of the Md. CMRA because, through its role of fulfilling Medical Records requests, MRO acts as an agent of health care providers by processing the Medical Records requests on their behalf.

31.     Indeed, upon information and belief, all contracts between MRO and health care providers in Maryland provide that MRO agrees that the fees and charges invoiced and collected by MRO in connection with the fulfillment of Medical Records requests shall be in compliance with state laws.

32.     MRO, under its business model, and as is typical of standard industry practice, charges state-authorized rates, such as those delineated in Maryland's Confidentiality of Medical Records Act, for all Medical Records requests from third parties, such as law firms seeking their client's Medical Records for purposes of legal representation.

33.     "Medical record" is defined by the Md. CMRA to include "any oral, written, or other transmission in any form or medium of information that:

(i)     Is entered in the record of a patient or recipient;
(ii)    Identifies or can readily be associated with the identity of a patient or recipient; and
(iii)   Relates to the health care of the patient or recipient."

Md. Code, Health-Gen. § 4-301(j)(1).

34.     "Medical record" also includes any documentation showing that a Medical Record was disclosed to any person who is not an employee, agent, or consultant of the health care provider.  Md. Code, Health-Gen. § 4-301(j)(2)(i).  It also includes any medical bills requested by an individual.  Md. Code, Health-Gen. § 4-304(c)(1)(i).

35.     Under the Md. CMRA, "Patient" is defined as "a person who receives health care and on whom a medical record is maintained."  Md. Code, Health-Gen. § 4-301(l).

36.     In Maryland, a health care provider, including but not limited to MRO, is required to provide a copy of Medical Records "within a reasonable time" after a "Person in interest" requests such records "in writing."  Md. Code, Health-Gen. § 4-304(a)(1).

37.     A "Person in interest," under the Md. CMRA, is broadly defined to include, among others, an adult or minor "on whom a health care provider maintains a medical record" or their duly appointed representatives.  "Person in Interest" also includes any "attorney appointed in writing."  Md. Code, Health-Gen. § 4-301(m).

**Maryland Law Expressly Limits the Fees that Can be**
**Charged for Producing Medical Records**

38.     When a Person in Interest or any authorized person requests copies of Medical Records, health care providers "may require a person in interest or any other authorized person who requests a copy of a medical record to pay for the cost of copying."  Md. Code, Health-Gen. § 4-304(c)(2).

39.     Maryland's Confidentiality of Medical Records Act enumerates the specific fees and charges that can be imposed upon a person who requests Medical Records from a health care provider.

40.     In particular, under § 4-304(c)(3)(i) of the Md. CMRA, a health care provider such as MRO, "may charge a fee for copying and mailing not exceeding" a specific dollar amount (currently "76 cents") for each page of the Medical Records.

41.     When there are Medical Records to retrieve, copy and produce, in addition to the per-page fee, a hospital or a health care provider may also charge:

> 1.     Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a preparation fee not to exceed $22.88 for medical record retrieval and preparation; and

> 2. The actual cost for postage and handling of the medical record.
> Md. Code, Health-Gen. § 4-304(c)(3)(ii).

42. When Medical Records are produced in an "electronic format," the health care provider is also permitted to charge certain fees for the Medical Records, but the fees are reduced and limited:

> (iii) Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a hospital or a health care provider that uses or maintains the requested medical records in an electronic format may charge for an electronic copy of a medical record in an electronic format requested by a person in interest or any other authorized person:
>
> > 1. A preparation fee not to exceed $22.88 for electronic format medical records retrieval and preparation;
> >
> > 2. A per-page fee of 75% of the per-page fee charged by a health care provider under subparagraph (i) of this paragraph that may not exceed $80; and
> >
> > 3. The actual cost for postage and handling of the electronic format medical records.

Md. Code, Health-Gen. § 4-304(c)(3)(iii).

43. As of the date of the filing of this Complaint, the "per-page fee of 75% of the per-page fee charged by a health care provider under" Md. Code, Health-Gen. § 4-304(c)(3)(i) is .57¢ per-page.

44. Maryland's Confidentiality of Medical Records Act does not permit any fee to be charged or collected when the health care provider or its agent searches for Medical Records but determines that the health care provider has no such records to copy, retrieve or prepare.

**MRO Charges and Collects More than
the Fees Permitted by Maryland Law**

45. Despite the express restrictions of Maryland law on the fees that MRO and other health care providers can charge and collect for the copying, retrieval and preparation of

Medical Records, MRO routinely and consistently invoices and collects fees in excess of the amounts permitted.

46.      In this regard, MRO routinely and consistently charges to and collects from Persons in Interest a "Search and Retrieval Fee," "Search/Retrieval" fee and/or "cancellation fee" of up to $22.88 when MRO merely searches for requested Medical Records but determines that the health care provider has no such records to copy, retrieve or prepare.

47.      The "Search and Retrieval Fee," "Search/Retrieval" fee and/or "cancellation fee" of up to $22.88 charged and collected in such a circumstance deceives or tends to deceive because no fee is authorized by Maryland law for merely searching for Medical Records.  And certainly no fee may be charged by a health care provider when no Medical Records are retrieved.  Indeed, the charging of a "Search and Retrieval Fee," "Search/Retrieval" fee and/or "cancellation fee", or any fee at all when there are no Medical Records to retrieve, copy or prepare, is unfair, abusive or deceptive in such a circumstance and has caused loss and damage to those who paid the fee to MRO in reliance upon the implicit suggestion that such a fee is legally permitted and authorized by the law.

48.      At all times relevant to this Complaint, MRO knew or had reason to know that its "Search and Retrieval Fee," "Search/Retrieval" fee and or "cancellation fee," when no Medical Records exist or are retrieved, is impermissible.  Nonetheless, MRO continually and uniformly charged and collected such a fee. Md. Code, Health-Gen. § 4-304(c)(3).

49.      But MRO's predatory and illegal billing practices go even further.  When there are no Medical Records to retrieve, copy or prepare, MRO falsely and deceptively advises the Person in Interest, ***in writing***, that the "Search and Retrieval Fee," or "Search/Retrieval" fee, is charged because the request for Medical Records was "cancelled."

50.     In some instances, MRO, in furtherance of the deception, even produces and transmits a phony "CANCELLATION INVOICE," which falsely represents that:

> Your request for Medical Records has been cancelled. The medical facility has completed the search and retrieval of the requested records. This invoice is for the Search/Retrieval Fee if applicable in your state.

51.     In producing and sending out the "CANCELLATION INVOICE," however, MRO knew at all times that while MRO may have cancelled the records request, no Medical Records existed and none were retrieved.  Thus, MRO made the false and inaccurate representation – and specifically the false statement that "The medical facility has completed the search and retrieval of the requested records" – intending that the Person in Interest rely upon it to their detriment, and to induce them to pay the phony invoice.

52.     Despite the clear prohibition in the Md. CMRA, MRO, as of the filing of this Complaint, still charges the unlawful "Search and Retrieval Fee," "Search/Retrieval" fee and/or "cancellation fee" in violation of Maryland law.  Md. Code, Health-Gen. § 4-304(c).

53.     Neither a "Search and Retrieval Fee," nor "Search/Retrieval" fee nor a "Cancellation" fee of any type is permitted by Maryland's Confidentiality of Medical Records Act.

54.     At all times relevant to this Complaint, MRO, a company that has conducted business and operations in the state of Maryland for more than nearly fifteen (15) years, was fully aware of the requirements, limitations and nuances of the Md. CMRA with respect to requiring a Person in Interest or any other authorized person who requests a copy of Medical Records to pay the cost of copying the Medical Records and/or retrieval and preparation of the Medical Records.

55.    For years, MRO has charged and collected the fees challenged in this Complaint from Named Plaintiff and Class members when it knew or should have known that the fees were unlawful, excessive and impermissible.

56.    As a result of MRO's predatory and unlawful billing scheme, and the other acts, material omissions, affirmative misrepresentations and unfair, abusive and deceptive practices described herein, the Named Plaintiff and Class members were charged and paid significantly more than the law permits.

   A.    **Facts Applicable to the Named Plaintiff – Janice Hollabaugh**

57.    On or about February 6, 2020, Ms. Hollabaugh's attorneys and personal representatives requested Ms. Hollabaugh's Medical Records, by facsimile transmission, from Home Health to be used in connection with Ms. Hollabaugh's claims for personal injuries.

58.    Ms. Hollabaugh's attorneys were appointed in writing by her.

59.    On or about March 25, 2020, at 6:14 pm MRO sent Ms. Hollabaugh's attorneys a "CANCELLATION INVOICE," by facsimile transmission, advising that Ms. Hollabaugh's "request for Medical Records has been cancelled."

60.    Although MRO's "CANCELLATION INVOICE" does not state who cancelled the request for Medical Records, or when the cancellation occurred, it is clear that neither Ms. Hollabaugh nor her counsel modified, changed or otherwise cancelled the request for Medical Records sent to Home Health on February 6, 2020.

61.    Even though MRO did not copy any Medical Records in response to Ms. Hollabaugh's  request for Medical Records, and neither retrieved nor prepared any records for production (either electronically or otherwise), MRO mandated that Ms. Hollabaugh pay MRO a "Search/Retrieval" fee of $22.88.

12

62.     MRO's March 25, 2020 "CANCELLATION INVOICE" further represented to

Ms. Hollabaugh and her counsel that:

> The medical facility has completed the search and retrieval of the requested
> records. This invoice is for the Search/Retrieval Fee if applicable in your state.

*See* **Exhibit A**.

63.     MRO made these false and misleading representations to Ms. Hollabaugh and

her counsel in order to deceive Ms. Hollabaugh and her counsel into paying the false and phony

fee of $22.88.

64.     The $22.88 "Search/Retrieval" fee charged by MRO to Ms. Hollabaugh is a

"Junk Fee" that has no permissible legal basis.

65.     Because of the unlawful and unauthorized charge that MRO added to Ms.

Hollabaugh's Invoice, MRO demanded that Ms. Hollabaugh and her attorney's pay MRO a

total of $22.88.

66.     Ms. Hollabaugh and her attorneys paid the MRO $22.88 Invoice in full, by

check, on April 6, 2020.

67.     As a result of MRO's unlawful and predatory actions in this case, Ms. Hollabaugh

paid MRO a fee for searching for her Medical Records that is unlawful and impermissible under

Maryland law.  As a result, she has suffered actual damages.

**B.      MRO HEALTH, LLC'S UNLAWFUL AND PREDATORY FEES ARE NOT LIMITED
        TO THE NAMED PLAINTIFF**

68.     The facts and circumstances of the Named Plaintiff Janice Hollabaugh against

Defendant MRO are neither unique nor isolated. During the time frame of this Complaint,

MRO on its own behalf and on behalf of hundreds of health care providers throughout

13

Maryland, has overcharged tens of thousands of individuals, and forced them to pay MRO unlawfully inflated fees similar to those challenged by this Complaint.

## **Class Action Allegations**

69.     The Named Plaintiff brings this action individually and as a class action on behalf of a class (the "Class") defined as follows:

> All persons who, between August 10, 2010 and the present, sought copies of Medical Records from a Maryland health care provider, or had their Medical Records requested by some other person pursuant to their authorization, and were charged a fee of any type by MRO Health, LLC after it was determined that no such Medical Records existed.

70.     Excluded from the Class are those individuals who now are or ever have been MRO Health, LLC executives and the spouses, parents, siblings and children of all such individuals.

71.     The Class, as defined above, is identifiable.  The Named Plaintiff is a member of the Plaintiff Class.

72.     The Class is so numerous that joinder of all members is impracticable.

73.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.  The common and predominating questions include, but are not limited to:

(a)     Whether MRO required Plaintiffs and Class members to pay a fee of any type, in violation of Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. § 4-304, for searching for Medical Records when the health care provider or MRO determined that no such records exist;

(b)     Whether MRO is a "Health care provider" under Md. Code, Health-Gen. § 4-301;

(c)     Whether MRO was permitted to charge and collect any fee for searching for the Named Plaintiff's and Class members' Medical Records;

(d)      Whether MRO's charging and collecting of a fee of any type to Class members when no Medical Records exist is an unfair, abusive and deceptive trade practice that violates Maryland's Consumer Protection Act;

(e)     Whether MRO's unlawful and excessive charges for Medical Records, as described in this Complaint, constitute and unfair, abusive or deceptive trade practice that violates Maryland's Consumer Protection Act, Md. Code, Com. Law §§ 13-101, *et seq.*;

(f)     Whether MRO's unlawful and excessive charges for Medical Records, as described in this Complaint, violate Maryland's Consumer Debt Collection Practices Act, Md. Code, Com. Law §§ 14-201, *et seq.*;

(g)     Whether MRO claimed, attempted or threatened to enforce a right to collect fees from the Named Plaintiff and Class members with knowledge that the right does not exist;

(h)     Whether the Court can declare that MRO may not charge and/or collect a fee, when no such Medical Records exist; and,

(i)     Whether the Court can declare that MRO may not charge and/or collect a fee from individuals for any fees not specifically enumerated in Maryland's Confidentiality of Medical Records Act.

74.     The claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(b)(3) and are based on and arise out of similar facts constituting the wrongful conduct of the Defendant.

75.     The Named Plaintiff will fairly and adequately protect the interests of the Plaintiff Class within the meaning of Md. Rule 2-231(b)(4).  The Named Plaintiff is committed to vigorously litigating this matter.  Further, the Named Plaintiff has secured counsel experienced in handling class actions and complex litigation.

76.     Neither the Named Plaintiff nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue these claims.

77.     The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant within the meaning of Md. Rule 2-231(c)(1)(A).

78.     MRO's actions are generally applicable to the respective Class as a whole, and the Named Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of Md. Rule 2-231(c)(2).

79.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(c)(3).

80.     The likelihood that individual members of the Class will prosecute or defend separate actions is remote due to the time and expense necessary to conduct such litigation.

81.     Plaintiff's counsel are experienced in class actions and foresee little difficulty in the management of this case as a class action.

## Causes Of Action

### Count I
### Violations of Maryland's Confidentiality of Medical Records Act
(Md. Code, Health-Gen. §§ 4-301, *et seq.*)

82.     Plaintiff incorporates into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

83.     Named Plaintiff and each Class member are "Person[s] in interest" within the meaning of Md. Code, Health-Gen. § 4-301(m).

84.     Defendant MRO is a "Health care provider" within the meaning of Md. Code, Health-Gen. § 4-301(h).

85.     By knowingly charging and collecting a fee of up to $22.88  from the Named Plaintiff and Class members when MRO searches for Medical Records when the health care provider has no such records to retrieve, prepare or produce, as alleged herein, MRO has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c).

86.     As a result of the Defendant's violations of Maryland's Confidentiality of Medical Records Act, as set forth above, the Named Plaintiff and the Class sustained losses and damages, including actual damages in an amount equal to their overpayments.

87.     In such circumstance, the Md. CMRA provides, in relevant part, that a "health care provider or any other person who knowingly violates any provision of this subtitle is liable for actual damages."  Md. Code, Health-Gen. § 4-309(f).

### Count II
### Violations of Maryland's Consumer Protection Act
(Md. Code, Com. Law §§ 13-101, *et seq.*)

88.     Plaintiff incorporates into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

89.     Maryland's Consumer Protection Act ("MCPA"), Md. Code, Com. Law § 13-101, *et seq.*, prohibits any "person" from engaging in any unfair, abusive or deceptive trade practices, *inter alia*, in the collection of consumer debts.  Md. Code, Com. Law § 13-303(3) and (4).

90.     MRO's collection of fees from the Named Plaintiff and members of the Plaintiff Class constitutes collection of "consumer debts" as that term is used in the MCPA.  Md. Code, Com. Law § 13-101(d)(1).

91.     As a "person" under the MCPA, Md. Code, Com. Law § 13-101(h), MRO is prohibited from engaging in unfair, abusive and deceptive trade practices.

92.     The MCPA specifically prohibits MRO from making any false or misleading oral or written statement or other representation of any kind that has the capacity, tendency or effect of deceiving or misleading consumers.  Md. Code, Com. Law § 13-301(1).

93.     The MCPA further prohibits MRO from failing to state a material fact if the failure deceives or tends to deceive.  Md. Code, Com. Law § 13-301(3).

94.     In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(1), MRO represented to the Named Plaintiff and members of the Class that: (1) they were required to pay MRO's fees for searching for Medical Records, despite MRO's violations of Maryland's Confidentiality of Medical Records Act described above; (2) that Medical Records were "retrieved" when no such retrieval of Medical Records occurred; and (3) the charges imposed and collected by MRO were legal and consistent with the Md. CMRA.  By making these representations, MRO engaged in misrepresentations and failures to state material facts, which deceived or tended to deceive and violated the aforesaid sections of the MCPA.

95.     MRO's representations were false and misleading and tended to and did deceive the Named Plaintiff and members of the Plaintiff Class, all of whom made payments to MRO that were not due or owing or permitted under Maryland Law.

18

96.      In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(3), the Defendant failed to disclose to the Named Plaintiff and members of the Plaintiff Class certain material facts, including the fact that the charges imposed by MRO were unlawful, and that MRO had no right to charge for merely searching for the Medical Records.  In addition, MRO represented in writing to the Named Plaintiff and members of the Class that the charges imposed in connection with the search for Medical Records were legal and legitimate.

97.      In addition, by charging and collecting unlawful, excessive and impermissible fees from the Named Plaintiff and Class members, with knowledge that the right to do so does not exist, MRO's actions also violate the Maryland Consumer Debt Collection Act, Md. Code, Com. Law § 14-202(8), and, thus, constitutes an unfair, abusive or deceptive trade practice that is a per se violation of the MCPA.  Md. Code, Com. Law § 13-301(14)(iii).  *See also* Count III, below.

98.      These misrepresentations and failures to disclose material facts led the Named Plaintiff and members of the Class to make payments that were not due and that they would not have made had MRO informed them of the material facts. MRO committed unfair, abusive and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due, and this conduct constitutes unfair, abusive and deceptive trade practices in violation of the MCPA, Md. Code, Com. Law §§ 13-101, *et seq.*, including §§ 13-303(3)-(4) and 13-301(1) and (3).

99.      As a result of MRO's unfair, abusive and deceptive trade practices in violation of the MCPA, the Named Plaintiff and members of the Plaintiff Class were told they owed money to MRO they did not owe, and were induced and commanded by MRO to make payments to MRO on amounts that were not owed, causing the Named Plaintiff and members of the Class injury and loss.

100.

**Count III**
**Violations of the Maryland Consumer Debt Collection Act**
Md. Code, Com. Law § 14-202(8)

101.    Plaintiff incorporates into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

102.    MRO is a "person" as defined by Maryland's Consumer Debt Collection Act ("MCDCA").  Md. Code, Com. Law § 14-201(d).

103.    MRO is a debt "collector" as defined in Md. Code, Com. Law § 14-201(b) because, under the facts alleged herein, MRO is collecting or attempting to collect an alleged debt arising out of a consumer transaction.

104.    The amounts charged to the Named Plaintiff and the Class, and collected by MRO, as alleged herein, arise from "consumer transactions" as defined in Md. Code, Com. Law § 14-201(c).

105.    By charging and collecting from the Named Plaintiff and Class members fees that either were not permitted by Maryland's Confidentiality of Medical Records Act, and were entirely impermissible, as alleged herein, MRO is claiming and enforcing a right with knowledge that the right does not exist as prohibited by Md. Code, Com. Law § 14-202(8).

106.    MRO had both actual and constructive knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, and that it was not entitled to collect the debts from the Named Plaintiff and Class members.

107.    Despite knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, MRO sent invoices, frequently called "Cancellation Invoices," to the Named Plaintiff and Class members and used those invoices to enforce a right that does not exist and to collect monies from the Named Plaintiff and the Plaintiff Class that it was not entitled to.

108.     Any monies paid by the Named Plaintiff and Class members that resulted from MRO's unlawful fees constitute actual damages and must be repaid to the Named Plaintiff and Class members by MRO pursuant to the MCDCA, Md. Code, Com. Law § 14-203.

109.     As a result of MRO's failure to comply with the MCDCA, the Named Plaintiff and the Class suffered actual loss, emotional distress, mental anguish and other damages.

### **Count IV**
### **Maryland Declaratory Judgment Act**
Md. Code, Cts. & Jud. Proc. § 3-409

110.     The Plaintiff incorporates into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

111.     An actual controversy exists between the Named Plaintiff and the Class, on the one hand, and MRO on the other.

112.     Antagonistic claims are present between the Named Plaintiff and the Class, on the one hand, and MRO on the other which indicate imminent and inevitable litigation.

113.     The Named Plaintiff and the Class assert that MRO's unlawful billing practices, predatory collections practices and charges and fees imposed on the Named Plaintiff and the Class are illegal, unfair, abusive or deceptive and in conflict with the essential public policy of the state of Maryland.

114.     The Named Plaintiff and Class members also assert that the excessive and unlawful fees charged to and collected from Named Plaintiffs and Class members, must be returned to the members of the Class, together with prejudgment interest.

115.     A declaratory judgment that establishes that MRO violated the requirements of Maryland's Confidentiality of Medical Records Act by overcharging the Named Plaintiff and the Class will alleviate all uncertainty in this proceeding.

### Prayer for Relief

**WHEREFORE**, Named Plaintiffs demand, on behalf of themselves and the Class:

A.     An Order certifying this case as a Plaintiff Class action pursuant to Md. Rule 2-231(c)(1), (2) and/or (3);

B.     Damages in an aggregated amount that exceeds $75,000$^{00}$;

C.     Actual damages;

D.     A declaration that MRO's predatory conduct and unlawful billing and collections practices alleged herein violate Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-301, *et seq.*;

E.     An award of reasonable attorney's fees and litigation costs to be determined; and,

F.     Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated: August 10, 2022                  Richard S. Gordon, AIS No. 8912180227
                                        rgordon@GWCfirm.com
                                        GORDON, WOLF & CARNEY, CHTD.
                                        100 West Pennsylvania Ave., St. 100
                                        Baltimore, Maryland 21204
                                        (410) 825-2300
                                        (410) 825-0066 (facsimile)

                                        Charles A. Gilman, AIS No. 0012120231
                                        cgilman@gblegalteam.com
                                        Lauren M. Geisser, AIS No. 0912150282
                                        lgeisser@gblegalteam.com
                                        GILMAN & BEDIGIAN, LLC
                                        1954 Greenspring Drive
                                        Suite 250
                                        Timonium, MD 21093

(410) 560-4999
(410) 308-3116 (fax)

*Attorneys for the Named Plaintiff and
the Putative Class*

By: _____

Richard S. Gordon

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable.

_____

Richard S. Gordon

23

# Exhibit A

**MRO**
1000 Madison Avenue, Suite 100
Norristown, PA 19403

 **MRO**

Fax:    (610) 962-8421
Phone: (610) 994-7500 Opt. 1

## CANCELLATION INVOICE

Charles A. Gilman, Esq.
Gilman & Bedigian, LLC/PORTAL
1954 Greenspring Dr.
Suite 250
Timonium, MD  21093

**Request ID: 33500811**
**Tracking #: AMEDDNYTLFJHN**

**Track your request at www.roilog.com**
**Enter your Tracking # and Request ID.**

Invoice Date: 3/25/2020

Phone: 410-560-4999
Fax: 410-308-3116

Patient: **JANICE HOLLABAUGH**
Facility: **5001/Glen Burnie/Home Health**
811 Cromwell Park Drive, Suite 109
Glen Burnie, MD  21061

Date Received at Facility: 2/14/2020
Your Reference #:
Your Request Date: 2/6/2020
Date Cancelled: 3/25/2020

Search/Retrieval Fee:  $22.88

Paid at facility:    (    $0.00)
**Paid to MRO:**    (    $0.00)
Balance due:        $22.88

Your request for Medical Records has been cancelled.  The medical facility has completed the search and
retrieval of the requested records.  This invoice is for the Search/Retrieval Fee if applicable in your state.

Mail Payment and this Invoice to:        **MRO**
P.O. Box 6410,
Southeastern, PA 19398-6410

**MRO Tax ID (EIN): 01-0661910**

*PLEASE DO NOT CONTACT THE MEDICAL FACILITY*